UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MYRIAM ZAYAS,<br><br>            Plaintiff,<br><br>    v.<br><br>ADRIENNE MCCOY, *et al.*,<br><br>            Defendants. | Case No. C24-621 LK<br><br>ORDER |

Plaintiff has filed an application to proceed *in forma pauperis* ("IFP") in the above-entitled action. (Dkt. # 1.) In the IFP application, Plaintiff states that she has not been employed since 2019 and cannot work due to her adult son's disability. (*Id.* at 1.) Plaintiff reports that her only source of income in the past twelve months is $17,500 from a settlement, that she has no money on hand, in checking, or in savings, and has $850 in monthly expenses. (*Id.* at 1-2.) However, Plaintiff's IFP application does not describe the types of each monthly expense (*e.g.*, housing, transportation, utilities, *etc.*) and does not explain how she pays any of her expenses. (*Id.* at 2.) Plaintiff further states that she is hesitant of publicly disclosing private information in her IFP application. (*Id.*)

ORDER - 1

The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigence. *See* 28 U.S.C. § 1915(a). "To qualify for *in forma pauperis* status, a civil litigant must demonstrate both that the litigant is unable to pay court fees and that the claims he or she seeks to pursue are not frivolous." *Ogunsalu v. Nair*, 117 F. App'x 522, 523 (9th Cir. 2004), *cert. denied*, 544 U.S. 1051 (2005). To meet the first prong of this test, a litigant must show that he or she "cannot because of his [or her] poverty pay or give security for the costs and still be able to provide him[ or her]self and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal alterations omitted).

Plaintiff has not provided the Court with sufficient information to make an affirmative determination on her IFP application. Under these circumstances, Plaintiff should not be authorized to proceed IFP unless she addresses the deficiencies noted above. To the extent Plaintiff fears public disclosure of her private information, the Court directs Plaintiff to Local Court Rule ("LCR") 5(g), which outlines the circumstances and procedures for filing documents under seal. *See* LCR 5(g) (available at https://www.wawd.uscourts.gov/local-rules-and-orders (last accessed May 8, 2024)).

Accordingly, Plaintiff is ORDERED to show cause by **May 15, 2024**, why the Court should not recommend her IFP application be denied. The Clerk is directed to send copies of this Order to Plaintiff and to the Honorable Lauren King.

Dated this 8th day of May, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 2