UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MYRIAM ZAYAS,<br><br>                      Plaintiff,<br>     v.<br><br>ADRIENNE MCCOY et al.,<br><br>                      Defendants. | CASE NO. 2:24-cv-00621-LK<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO FILE A SECOND AMENDED COMPLAINT |

       This matter comes before the Court sua sponte. On May 14, 2024, United States Magistrate Judge Michelle L. Peterson granted pro se Plaintiff Myriam Zayas' application to proceed *in forma pauperis* ("IFP") and her complaint was posted on the docket. Dkt. Nos. 6, 7. Summons have not yet been issued. Having reviewed the record and the applicable law, the Court declines to issue summons and, for the reasons set forth below, dismisses Ms. Zayas' amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), with leave to file a second amended complaint.

## I.   BACKGROUND

       Ms. Zayas initiated this action seeking to enjoin ongoing state court dependency proceedings involving her minor children. Dkt. No. 1-1 at 4–5. Judge Peterson granted Ms. Zayas'

motion to proceed in forma pauperis and recommended that her complaint be reviewed under 28 U.S.C. § 1915(e)(2)(B) before issuance of summons. Dkt. No. 6 at 1. The next day, before that review could be completed, Ms. Zayas filed an amended complaint. Dkt. No. 8.

In her amended complaint, Ms. Zayas asserts a claim under 42 U.S.C. § 1983 against King County Superior Court Judge Adrienne McCoy and Washington State Department of Children, Youth and Families ("DCYF") supervisor Sylvia Howard. *Id.* at 1–2. Ms. Zayas asserts that Defendants violated her rights under the Fourteenth Amendment to the U.S. Constitution by discriminating against her based on race and depriving her of procedural and substantive due process during the dependency proceedings. *Id.* at 5, 7–8, 10. She also contends that Judge McCoy retaliated against her with adverse rulings after she "threatened to sue all parties involved for the removal of [her] first child." *Id.* at 6. Specifically, on April 30, 2024, Judge McCoy "uph[e]ld and enforce[d] a court order that was over two years old"; then on May 3, 2024, she removed Ms. Zayas' "2-year-old [child] from her daycare center[.]" *Id.* Ms. Zayas also avers that Ms. Howard "has been intentionally torturing [her] by removing visits, removing [her] children for no reason." *Id.* She seeks $1,000 in damages. *Id.* at 13. Unlike her original complaint, the amended complaint does not seek injunctive or declaratory relief.

## II. DISCUSSION

The Court must dismiss a case when the plaintiff is proceeding IFP "at any time" if it determines that the complaint is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). Section 1915(e) applies to all IFP proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). The standard for determining whether a plaintiff has failed to state a claim under Section 1915(e) is the same as the standard applied under Federal Rule of Civil Procedure 12(b)(6). *Barren v. Harrington*, 152 F.3d

1193, 1194 (9th Cir. 1998). Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

Although the Court construes pro se complaints liberally, *see Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003), such complaints must still include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff's pro se status does not excuse compliance with this bedrock requirement. *See Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107–08 (9th Cir. 2000) (explaining that the lenient pleading standard does not excuse a pro se litigant from meeting basic pleading requirements); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (although the court has an obligation to liberally construe pro se pleadings, it "may not supply essential elements of the claim that were not initially pled" (quoting *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982))). Rule 8(a)'s standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In this case, Ms. Zayas' complaint fails to state a claim upon which relief can be granted, even when liberally construed. Since 2020, Plaintiff has filed 24 different lawsuits (not including this action) against various Defendants in this district.[1] As the Court has noted in some of those

---

[1] *See, e.g.*, *Zayas v. Owens*, 2:20-cv-00650-TLF (filed Apr. 29, 2020); *Zayas v. Messitt*, 2:20-cv-00747-JCC (filed June 10, 2020); *Zayas v. Dep't of Children Youth & Families*, 2:20-cv-00981-JLR-TLF (filed June 18, 2020); *Zayas v. Krause*, 2:20-cv-01001-MAT (filed June 25, 2020); *Zayas v. Boyett*, 2:21-cv-00581-RSM (filed Apr. 29, 2021); *Zayas v. Nguyen*, 2:21-cv-00746-JCC (filed June 5, 2021); *Zayas v. Walton*, 2:22-cv-00018-MJP (filed Jan. 4, 2022); *Zayas v. Becker*, 2:22-cv-00120-MJP (filed Jan. 30, 2022); *Zayas v. Foxall*, 2:22-cv-00229-JCC (filed Feb. 27, 2022); *Zayas v. Foxall*, 2:22-cv-00327-TL (filed Mar. 17, 2022); *Zayas v. Foxall*, 2:22-cv-00564-TL (filed Apr. 24, 2022); *Zayas v. Hunter*, 2:22-cv-00642-RSM (filed May 9, 2022); *Zayas v. Ramos*, 2:22-cv-00943-JLR-TLF (filed July 6, 2022); *Zayas v. Helson*, 2:22-cv-00955-RAJ (filed July 10, 2022); *Zayas v. Dep't of Children Youth and Families*, 2:22-cv-01085-TL (filed July 30, 2022); *Zayas v. King Cnty.*, 2:23-cv-01279-JCC (filed Aug. 18, 2023); *Zayas v. Johnson*, 3:23-cv-05165-BHS (filed Feb. 27, 2023); *Zayas v. Green*, 2:24-cv-00624-JNW (filed May 4, 2024). The Court takes judicial notice of these filings. *See, e.g.*, *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

ORDER DISMISSING COMPLAINT WITH LEAVE TO FILE A SECOND AMENDED COMPLAINT - 3

cases, judges sued in their personal capacity are "absolutely immune from damage liability for acts performed in their official capacities," no matter how "erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (quoting *Cleavinger v. Saxner*, 474 U.S. 193, 199–200 (1985)).[2] Section 1983 "was not intended to abolish the doctrine of judicial immunity." *Id.* Judicial immunity "cannot be overcome by allegations of bad faith or malice." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Judicial immunity also protects judges from constitutional claims. *Rote v. Comm. on Jud. Conduct*, No. 22-35261, 2023 WL 6875413, at *1 (9th Cir. Oct. 18, 2023) (affirming dismissal of First Amendment retaliation claim based on judicial immunity); *LaTulippe v. Harder*, 574 F. Supp. 3d 870, 882–83 (D. Or. 2021) (dismissing plaintiff's claims for First Amendment retaliation and procedural due process violations). There are, however, "two situations in which judges are not absolutely immune from liability arising out of official conduct." *Meek v. Cnty. of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999). Judicial immunity does not extend to "nonjudicial actions" or "actions . . . taken in the complete absence of all jurisdiction." *Id.* (quoting *Mireles*, 502 U.S. at 11–12). Here, Ms. Zayas bases her claims on Judge McCoy's judicial actions, including upholding and enforcing a court order. Dkt. No. 8 at 6. Ms. Zayas does not suggest—and there is no evidence to show—that Judge McCoy was acting without jurisdiction. Judge McCoy is thus entitled to judicial immunity for Ms. Zayas' claims.

Ms. Zayas' claims against Ms. Howard are also subject to dismissal for several reasons. First, Ms. Zayas alleges conduct dating back to 2020, *id.*, but without any allegation of more recent wrongdoing, it appears that her Section 1983 claim is time-barred. *See, e.g.*, *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981) (applying Washington's "catch-all" three-year statute of limitations

---

[2] *See, e.g.*, *Zayas v. Helson*, No. 2:22-cv-00955-RAJ, 2022 WL 2916725, at *2 (W.D. Wash. July 25, 2022) (dismissing free speech and due process claims based on judicial immunity).

ORDER DISMISSING COMPLAINT WITH LEAVE TO FILE A SECOND AMENDED COMPLAINT - 4

to a Section 1983 claim); *see also* Wash. Rev. Code § 4.16.080(2) (providing a three-year statute of limitations "for any other injury to the person or rights of another not hereinafter enumerated"). Second, Ms. Zayas' allegations against Ms. Howard are vague and lack the details needed for the Court and Defendants to understand what is being alleged. Dkt. No. 8 at 6; *see also* Fed. R. Civ. P. 8(a); *Iqbal*, 556 U.S. at 678. Ms. Zayas contends that her visits with her children "violate [her] right to procedural due process" and force her to be part of the dependency proceedings, but she does not state what process she was allegedly denied. Dkt. No. 8 at 10. Without setting forth how the procedures used were constitutionally deficient, she has not stated a claim. *See Al-Farouk v. Nelson*, No. 2:23-CV-01372-CDS-VCF, 2023 WL 6794224, at *2 (D. Nev. Oct. 13, 2023) ("While plaintiff is unhappy with the result, this by itself does not render the procedural process inadequate.").

Third, Ms. Zayas' claims appear barred based on res judicata. The doctrine of res judicata, also known as claim preclusion, bars a party from re-litigating a claim where three elements are met: (1) identity of claims in the two actions; (2) final judgment on the merits in the first action; and (3) identity or privity between parties in the two actions. *Frank v. United Airlines, Inc.*, 216 F.3d 845, 850 (9th Cir. 2000).[3] When the doctrine applies, it "bar(s) all grounds for recovery which could have been asserted, whether they were or not." *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982) (quoting *Ross v. IBEW*, 634 F.2d 453, 457 (9th Cir. 1980)). Thus, all potential claims that could "arise out of the same transactional nucleus of facts" are barred going forward. *Id.* at 1202 (quoting *Harris v. Jacobs*, 621 F.2d 341, 343 (9th Cir. 1980)). Ms. Zayas previously brought what appear to be the same due process and race-based equal protection claims

---

[3] If a claim arises after the date of an earlier judgment, it would not be barred—"even if it arises out of a continuing course of conduct that provided the basis for the earlier claim." *Id.* As set forth above, the amended complaint does not allege when Ms. Howard's allegedly wrongful conduct occurred.

ORDER DISMISSING COMPLAINT WITH LEAVE TO FILE A SECOND AMENDED COMPLAINT - 5

against DCYF and other DCYF employees that she now asserts against Ms. Howard, and at least two of the cases were dismissed with prejudice. *Zayas v. Dep't of Children Youth and Families*, 2:20-cv-00981-JLR-TLF, Dkt. No. 57 at 15–18 (W.D. Wash. Aug. 6, 2021) (recommending dismissal of due process and equal protection claims against DCYF employees); *id.*, Dkt. No. 60 at 5 (W.D. Wash. Sept. 8, 2021) (dismissing Section 1983 claims without prejudice); *id.*, Dkt. No. 62 at 1–2 (W.D. Wash. Oct. 12, 2021) (dismissing action with prejudice and without leave to amend) (W.D. Wash.); *Zayas v. Hunter*, 2:22-cv-00642-RSM, Dkt. No. 13 at 4–5 (W.D. Wash. Sept. 7, 2023) (dismissing Section 1983 due process and equal protections claims against DCYF employee with prejudice); *see also Isaacson v. Fudge*, No. 2:24-cv-00088-TL, 2024 WL 1676733, at *2 (W.D. Wash. Apr. 18, 2024) ("For purposes of res judicata, 'a dismissal with prejudice is a determination on the merits.'" (quoting *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 962 (9th Cir. 2006))). Ms. Zayas confirms in her current complaint that Ms. Howard should have been a defendant in her prior cases because Ms. Howard "was the core reason for everything" in four of her prior cases. Dkt. No. 8 at 6. Furthermore, Ms. Howard is in privity with her employer, DCYF, and her colleagues. *See, e.g.*, *McClain v. 1st Sec. Bank of Wash.*, No. C15-1945-JCC, 2016 WL 8504775, at *3 (W.D. Wash. Apr. 21, 2016) (explaining that the employer-employee relationship satisfies the privity requirement). It therefore appears that her claims against Ms. Howard either were or should have been brought in the prior actions and are barred by res judicata. Accordingly, the Court declines to issue a summons in this matter and dismisses this complaint.[4]

---

[4] The Court also notes that Ms. Zayas' request for relief is predicated on allegations implicating ongoing state proceedings. *See, e.g.*, Dkt. No. 8 at 6 (alleging constitutional violation arising from May 3, 2024 removal of her child from a daycare center); *id.* at 7 (alleging violation of her "right to associate daily with [her] children"). A federal court should abstain in deference to state court proceedings that implicate a State's interest in enforcing the orders and judgments of its courts. *Herrera v. City of Palmdale*, 918 F.3d 1037, 1043–44 (9th Cir. 2019) (citing *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72–73 (2013)). Custody and parentage proceedings initiated by a state have long been recognized as implicating important state interests. *See Moore v. Sims*, 442 U.S. 415, 423 (1979) (holding that *Younger* abstention is appropriately applied to challenges to state custody and removal proceedings); *H.C. v. Koppel*, 203 F.3d

### III. CONCLUSION

For the foregoing reasons, the Court DISMISSES Ms. Zayas' amended complaint. Dkt. No. 8. Although it does not appear that the deficiencies in Ms. Zayas' complaint can be cured by amendment, the Court grants her leave to amend in light of the deference accorded to pro se litigants. *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (cleaned up). Ms. Zayas may, within thirty (30) days of the date of this Order, file a second amended complaint that provides a short and plain statement of the factual basis for each claim as required by Federal Rule of Civil Procedure 8. Such amended complaint operates as a complete substitute for an original pleading. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). For that reason, any amended complaint must clearly identify the defendant(s), the claim(s) asserted, the specific facts that Ms. Zayas believes support each claim, and the specific relief requested. If a proper second amended complaint is not filed within thirty (30) days of the date of this Order, the amended complaint will be dismissed with prejudice.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to Ms. Zayas at her last known address.

Dated this 7th day of June, 2024.

Lauren King
United States District Judge

---

610, 612–14 (9th Cir. 2000) (abstaining under *Younger* where parents sought "wholesale federal intervention into an ongoing state domestic dispute" involving child custody). Further, federal courts assume that state courts provide an adequate forum in which to pursue constitutional claims arising from custody disputes. *See, e.g.*, *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) ("federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary," for federal claims). Accordingly, this Court may not make determinations regarding alleged constitutional violations where such determinations would interfere in the ongoing dependency matter. *See Herrera*, 918 F.3d at 1048 (*Younger* abstention was appropriate on certain of plaintiffs' constitutional claims because relief on those claims "require[d] the district court to determine first whether violations of their civil rights have occurred in the course of the state enforcement proceeding, which would create a federal court judgment with preclusive effect over the ongoing state action").

ORDER DISMISSING COMPLAINT WITH LEAVE TO FILE A SECOND AMENDED COMPLAINT - 7